

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. Simmons
County Auditor
Henderson County
Athens, Texas

Dear Sir:

Opinion No. O-7411

Re: Authority of the Commissioners
Court to allow the increase in
salary for various county of-
ficials as authorized by S. B.
123, Acts 49th Legislature,
when such expenditure would be
in excess of the budget.

Your letter of recent date requesting an opinion from
this department on the above subject matter is as follows:

"S. B. No. 123 Chapter 179 of the 49th Leg-
islature has the following language 'That the Com-
missioners Court is authorized, when in their judg-
ment the financial condition of the county and the
needs of the officers justify the increase to enter
an order increasing the compensation of the pre-
cinct, county and district officers in an additional
amount not to exceed 25% per cent of the sum allowed
under the law for the fiscal year 1944, provided the
total compensation authorized under the law for 1944
did not exceed the sum of $3,600.00' And carried the
same authorization for deputies, assistants and clerks.

"On August 5th the Commissioners Court of the
county entered an order increasing the compensation
of all elected officers in the amount of 25% per cent
and increasing the compensation of deputies and clerks
10% per cent. On the date this order was passed the
Officers Salary Fund was overdrawn approximately
$1,200.00 and the General Fund was overdrawn approxi-
mately $4,000.00.

"The officers of this county have been on annual
salary of $3,500 for past several years.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. Simmons - Page 2

"With this increase in effect the Officers
Salary would by the end of 1947 be overdrawn approxi-
mately $9,000.00 and no funds available in the General
Fund to supplement the Salary Fund.

"Could this be a legal expenditure, or should the
Court be required to keep the expenditures within the
estimated receipts?"

In answer to our letter requesting additional information,
you sent us a copy of the following order:

"'The State of Texas,
County of Henderson:

"'On this the 5th day of August A.D. 1946 the
Commissioners Court met in regular session and also re-
sumed their duties as a Board of Equalization.

"'Among other things the following proceedings
were had to wit: On motion made by Commissioner Boatright
and seconded by Commissioner R. B. Warren, that salaries
of County Officials be increased 25% of their present sal-
aries and their deputies and employees salaries be in-
creased 10% of their present salaries, a vote was taken
and same was passed unanimously by the court to become
effective on September 1, 1946. The Auditor was instructed
to amend the budget to that effect. The Court moved to
adjourn as an Equalization Board until Monday, August 12,
1946.'

"Again on August 26, 1946, order again passed to
'amend budget raising salaries as per order of Court passed
Aug. 5, 1946.'"

The Commissioners' Court must find that the financial con-
dition of the county is such as will permit the proposed increase in
salary, and must also find that the needs of such officers justify
the increase before the proposed increase mentioned in your inquiry
can be made. This department has repeatedly held that any increase
in the salary of a county official authorized by S. B. 123, Acts of
the 49th Legislature, Reg. Ses., 1945, would be subject to the budget
law (Art. 689a-9 -- 689a-11, V.A.C.S.) and that in order to provide
for such increase, the county budget would have to be amended in
accordance with said budget law. In connection with the foregoing,
we call your attention to the following. In the case of Dancy v.
Davidson, 183, S.W. 2d 195, (writ refused) the Court stated the
following:

"The order of the Commissioners' Court referred
to in the stipulation is that set forth (insofar as
material parts are concerned) in the forepart of this
opinion. Briefly stated, the order declares that (1)
there exists a necessity for Cameron County to acquire
a building in San Benito, (2) that the building owned
by Mrs. Jennie B. Boll is suitable for the County's
needs, (3) that the price asked therefor is reasonable
and fair, (4) that the County has current funds not
otherwise appropriated, sufficient to purchase the
property, (5) that Mrs. Bell be paid $37,500.00 by
warrant of the County Treasurer, upon approval of title
and delivery of deed, and that (6) 'the 1944 budget be
amended to include collected though unanticipated
revenues, and to include this expenditure.'

* * * *

"It can hardly be contended that the order of April
29, 1944, in itself effected an amendment of the 1944
budget. In fact, the order does not contain findings
that the emergency conditions set forth in the statute
as authorizing an amendment of the budget do in fact
exist. It may have been contemplated by the Commissioners'
Court that some further order with reference to the county's
budget would be entered. This is suggested in appellants'
brief. However that may be, the order of April 29, 1944,
is insufficient in itself (and there is no further order
in the record) to authorize the delivery of a county war-
rant for the sum of $37,500 to Mrs. Bell. It follows that
the injunction issued restraining the payment of the county's
funds to her under and by virtue of the Commissioners' Court
order of April 29, 1944, was properly issued." (Emphasis
ours)

We held in our Opinion No. 0-5053-A:

"This department has repeatedly held that the question
of 'grave public necessity' is a fact question to be de-
termined primarily by the commissioners' court. It is
apparent from your letter that your position is that no
'grave public necessity' existed at the time the county
budget was amended to take care of increase in salaries
for certain county officials and therefore the commission-
ers' court was unauthorized to make such amendment. However,

on the other hand it is apparent that the commissioners' court did decide that they were legally authorized to amend the county budget and in fact did amend said budget.

"This department has held (Opinion No. O-2315) that the discretion of the commissioners' court is not absolute authority to expend county funds in the case of an emergency, and is final, only where the question is debatable or where the existence of an emergency is unquestionable. However, said court has no authority to determine and declare that an emergency exists, and expend county funds therefor, where the facts clearly show the contrary. Such court has no legal authority to declare an emergency and evade the law, where in fact, no emergency exists."

In view of the foregoing, it is the opinion of this department that the Commissioners' Court is unauthorized to make the expenditures mentioned by you unless it finds, in their judgment, the financial condition of the county and the needs of the officers justify the increase in compensation. The Commissioners' Court must make such expenditures "in strict compliance with the budget law except emergency expenditures in the case of grave public necessity to meet unusual and unforeseen conditions which could not by reasonable, diligent thought and attention have been included in the original budget".

On the basis of the language contained in Dancy v. Davidson, it is our further opinion that the order of the Commissioners' Court which you have sent us does not authorize the proposed increase in the salaries of the various county officials since said order does not contain findings that the emergency conditions set forth in the budget law authorizing an amendment to the budget do in fact exist.

Yours very truly

ATTORNEY GENERAL OF TEXAS

FILED OCT 4, 1946

ATTORNEY GENERAL OF TEXAS

By J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

By John Reeves
John Reeves

JR:djm

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN